# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Rose Marie Harris,

        Plaintiff,

v.                      **MEMORANDUM OF LAW & ORDER**
                         Civil File No. 04-3170 (MJD/AJB)

Wyeth dba Wyeth, Inc.;
Wyeth Pharmaceuticals, Inc.,

        Defendants.

Ronald S. Goldser, Zimmerman Reed P.L.L.P. and Richard S. Lewis, Hausfeld LLP, Counsel for Plaintiff.

Edward F. Fox and Carrie L. Hund, Bassford Remele, A Professional Association, Counsel for Defendants.

This matter is before Court on the Order to Show Cause why this matter should not be transferred to another District pursuant to 28 U.S.C. § 1404(a). [Docket No. 9] Having received and reviewed all of the parties' submissions, as well as the entire record in this case, the Court concludes that transfer to another District is appropriate.

This action is one of many product-liability actions involving hormone therapy that have been filed in the District of Minnesota despite having no discernable connection to Minnesota. Plaintiff Rose Marie Harris is a citizen of the Commonwealth of Virginia. (Complaint ¶ 4.) Defendant Wyeth dba Wyeth, Inc. is a Delaware corporation with its principal place of business in New Jersey. (Id. ¶ 5a.) Defendant Wyeth Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in Pennsylvania. (Id. ¶ 5b.) Plaintiff ingested Defendants' hormone products, Premarin, Prempro and Premphase from 2000 to 2002 and was diagnosed with breast cancer in June 2002. (Id. ¶ 4.) She now sues for damages that she allegedly sustained due to permanent disfigurement, pain, and suffering. No act giving rise to this action occurred in Minnesota, and none of the alleged injuries for which Plaintiff seeks to recover were suffered in Minnesota.

Plaintiff maintains that, pursuant to 28 U.S.C. § 1404, transfer to the United States District Court for the Western District of Virginia is warranted. Defendants oppose transfer. When considering a motion to transfer under § 1404(a), the Court considers three factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l, Inc.

v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). When analyzing the convenience prong, courts typically consider "(1) the convenience of the parties, (2) the convenience of the witnesses – including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." Id. at 696.

Transferring this case will promote the interests of justice and the convenience of the parties. No party, potential witness, evidence, or relevant event has any relevant connection to Minnesota. Moreover, a transfer will not prejudice any party. This case will remain in federal court and, assuming that this case was properly filed in Minnesota, the same choice-of-law rules would apply after transfer. See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990) (holding that a § 1404(a) transfer does not change the law applicable in a diversity case). The main effect of a transfer will be to put the parties in a forum that has some connection to the underlying dispute and is more convenient for the parties.

Defendants argue that transfer of this case is not in the interests of justice, because Plaintiff filed suit in Minnesota only to take advantage of Minnesota's extended statute of limitations. If Plaintiff had filed suit in her home state of Virginia, the claims would be time-barred. Defendants further assert that Plaintiff is one of 77 Virginia residents who filed hormone-therapy cases in Minnesota based on the use of Defendants' products.

In <u>Fleeger v. Wyeth</u>, the Minnesota Supreme Court held that Minnesota's statute of limitations apply to personal injury claims of a non-Minnesota resident against a defendant not a resident of Minnesota where the events giving rise to the claims took place outside of Minnesota, for claims that arose prior to August 1, 2004. 771 N.W.2d 524, 525 (Minn. 2009). Here, Plaintiff alleges that her injuries occurred as a result of ingesting Defendants' products from 2000 to 2002. As Minnesota's six year statute of limitations applies to Plaintiff's claims, such statute of limitations will follow Plaintiff to Virginia. <u>See</u> <u>Ferens</u>, 494 U.S. at 523. Accordingly, the interests of justice will be served by transferring this case to Virginia.

Other judges in the District of Minnesota have determined that transfer is warranted in cases presenting issues identical to those in this case. <u>See, e.g.</u>,

Coccodrilli v. I-Flow Corp., Civil No. 10-2083 (JNE/SRN) (D. Minn. Aug. 11, 2010); Murphy v. I-Flow Corp., Civil No. 10-674 (DSD/SRN), 2010 WL 2985707 (D. Minn. July 26, 2010); Powell v. I-Flow Corp., 711 F. Supp. 2d 1012 (D. Minn. 2010). The Court agrees with the reasoning and conclusion of those cases.

Therefore, for the convenience of the parties and witnesses and in the interest of justice, the Court transfers this case to the Western District of Virginia.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that this case is transferred to the United States District Court for the Western District of Virginia.

Dated: March 11, 2011            s/ Michael J. Davis
                                 Michael J. Davis
                                 Chief Judge
                                 United States District Court